UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON WELLS** | **CIVIL ACTION** |
| **VERSUS** | |
| **ABERCROMBIE & FITCH STORES, INC.** | **NO. 08-535-B-M2** |

## RULING & ORDER

This matter is before the Court on the Motion to Compel Discovery and for Sanctions (R. Doc. 13) filed by defendant, Abercrombie & Fitch Stores, Inc. ("A&F"). Plaintiff, Damon Wells ("Wells" or "plaintiff"), filed (R. Doc. 23) an opposition to this motion, in response to which A&F filed a reply memorandum. (R. Doc. 27).

## FACTS & PROCEDURAL BACKGROUND

A&F served its First Set of Interrogatories and First Set of Requests for Production of Documents upon Wells on November 7, 2008. *See*, Exhibits 1 and 2 to A&F's motion. On January 7, 2009, counsel for A&F contacted Wells' counsel concerning the status of the outstanding discovery. *See*, Certificate of A&F's counsel, Exhibit 3 to A&F's motion, ¶2. In response to A&F's inquiry, Wells' counsel sent a letter to A&F's counsel on January 8, 2009 requesting a three (3) week extension of time, or until January 29, 2009, to submit discovery responses. *See*, January 8, 2009 correspondence, Exhibit 4 to A&F's motion. A&F's counsel granted the requested extension by email on that same date. *See*, Exhibit 5 to A&F's motion.

1

Despite the extension, Wells failed to produce any written discovery responses by the January 29, 2009 deadline. On February 4, 2009, A&F's counsel again emailed Wells' counsel to follow up on the status of receiving plaintiff's discovery responses and to request that plaintiff's counsel contact him as soon as possible so as to avoid involving the Court in the discovery dispute. *See*, Exhibit 5 to A&F's motion. Wells' counsel, however, never responded to the February 4th email. *See*, Exhibit 3 to A&F's motion, ¶8. On February 6, 2009, A&F's counsel called Wells' counsel and left him a voice message similar to that contained in his February 4th email. *Id.*, ¶7. Wells' counsel never responded to that voice message. *Id.*, ¶8. A&F therefore filed this motion to compel seeking complete responses to its discovery requests and an award of the reasonable costs and attorneys' fees it incurred in bringing this motion.

On March 2, 2009, Wells filed an opposition to A&F's motion to compel, wherein he indicated that such motion is moot based upon discovery responses that he submitted to A&F on March 2, 2009. He indicated that his delay in responding to A&F's discovery requests was "due in part to errors in [his counsel's] calendaring system and due to the fact that [his] counsel's paralegal was out of the office for an extended period of time while she prepared for the February Bar Exam." A show cause hearing was held in this matter on March 3, 2009 relative to plaintiff's counsel's failure to appear for a telephone conference on February 13, 2009 and for a previous show cause hearing on February 20, 2009. During a status conference following that March 3rd show cause hearing, the undersigned ordered A&F to file a reply memorandum regarding any remaining issues relative to its motion to compel, considering Wells' recently submitted discovery responses.

A&F filed the requested reply memorandum on March 13, 2009. In its reply, A&F

contends that the following issues remain relative to Marks' discovery responses: (1) the interrogatory responses still are not verified; (2) plaintiff has not produced any documents in response to A&F's First Set of Requests for Production; (3) plaintiff's response to Interrogatory No. 2 is inadequate; and (4) A&F's request for sanctions relative to its motion to compel remains pending.

## LAW & ANALYSIS

**I.  Plaintiff's failure to verify his discovery responses:**

Although plaintiff's counsel assured the Court, during the March 3, 2009 status conference in this matter (R. Doc. 24), that he would have his client verify the discovery responses at issue as soon as possible, plaintiff has failed to do so as of this date. Pursuant to Fed. R. Civ. P. 33(b)(5), the plaintiff, rather than plaintiff's counsel, is required to verify his/her responses.[1]  Accordingly, plaintiff will be ordered to verify his discovery

---

[1] *See*, 10A Fed. Proc., L.Ed. § 26:546 (Rule 33 requires that each interrogatory be answered under oath and that answers be signed by the person making them. Where it is not made under oath and is not signed by the person making it, a party's answer to an interrogatory is deficient.  The oath and signature requirement is not relaxed merely because of difficulties relating to the availability of the answering party); *Chao v. Oriental Forest IV, Inc.*, 2008 WL 4838230 (W.D.Mich. 2008)(Fed. R. Civ. P. 33 requires that interrogatories be answered by the party to whom they are directed or, if the party is a corporation, by an officer or agent.  The signature of counsel is insufficient.  Furthermore, the rule requires that interrogatories must be answered "fully in writing under oath" by the responding party); *Tokarz v. TRG Columbus Development Venture, Ltd.*, 2008 WL 4533917 (S.D.Fla. 2008)(The person who responds to the interrogatories must verify the responses, and the attorney making any objections must also sign the document); *Fonville v. District of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005)("Interrogatories are served on parties, and defendant's answers must be signed by the party upon whom they were served, *i.e.*, a representative of the District of Columbia who attests to their truth on behalf of the District of Columbia.  Defendant's objections, on the other hand, must be signed by counsel for the District"); *Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008)(Fed. R. Civ. P. 33(b)(5) requires that a responding party sign discovery responses.  The requirement is critical because "interrogatories serve not only as a discovery device but as a means of producing

responses within ten (10) days of this Order.

II.  **Plaintiff's failure to produce any documents in response to A&F's Requests for Production?**

Although plaintiff's counsel produced written responses to A&F's Requests for Production on March 2, 2009, no responsive documents were actually produced. Despite plaintiff's counsel's representation to the Court, during the March 3, 2009 status conference, that the responsive documents would be produced, no such documents have been produced as of this date. Accordingly, plaintiff will be ordered to produce the documents responsive to A&F's Requests for Production within ten (10) days of this Order.

III.  **Is Plaintiff's Response to Interrogatory No. 2 insufficient?**

In Interrogatory No. 2, A&F asks the following:

> To the extent you claim emotional damages, identify each and every hospital, physician, psychologist, therapist, social worker, or other health care provider or counselor who has examined, treated, or counseled you.

*See*, A&F's Interrogatory No. 2. In response to that Interrogatory, plaintiff objects on the ground of relevancy and further states that he has not visited any "physicians and/or healthcare providers described above recently." *See*, Plaintiff's unverified response to Interrogatory No. 2. The Court agrees with A&F that plaintiff's relevancy objection is unmeritious since plaintiff is seeking compensatory damages in this matter for emotional

---

admissible evidence; there is no better example of an admission by a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." The plaintiff was sanctioned for failing to sign both her initial and supplemental discovery responses).

distress, as is evidenced by his allegations in the complaint and his response to Interrogatory No. 1. Moreover, the Court finds that plaintiff's vague response that he has not visited any of the above-listed healthcare providers "recently" is insufficient and evasive. Considering plaintiff's claim for emotional distress damages in this matter, he will be compelled to identify all of the above-listed health care providers that have examined, treated or counseled him in the past ten (10) years.[2]

**IV.    Are sanctions warranted?**

The Court finds that A&F is entitled to an award of the reasonable costs and attorneys' fees that it incurred in connection with its motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) provides that, if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless:  (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

None of the exceptions to Rule 37(a)(5)(A) apply in this case.  A&F's counsel

---

[2] Since plaintiff alleges acts of discrimination by A&F that occurred in 2005, A&F is entitled to discover information regarding plaintiff's medical treatment during the several years before and after that alleged discrimination.

obviously made a good faith effort to obtain the discovery responses without court intervention through his emails and phone calls and even granted plaintiff's counsel an extension of time within which to respond. Plaintiff's counsel did not offer, at the March 3, 2009 status conference, any substantial justification for his failure to timely produce responses to A&F's discovery responses. Finally, plaintiff's counsel's dilatory course of conduct relative to A&F's discovery requests and this litigation generally (as was evidenced by his failure to appear for a telephone conference and show cause hearing in this matter) should not go unpunished. Thus, plaintiff will be ordered to compensate A&F for the reasonable fees and costs that it incurred in connection with plaintiff's failure to respond to its discovery requests.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Discovery and for Sanctions (R. Doc. 13) filed by defendant, Abercrombie & Fitch Stores, Inc., is hereby **GRANTED**, and plaintiff, Damon Wells, is ordered to verify his discovery responses, to produce all documents responsive to defendant's First Set of Requests for Production, and to fully respond to defendant's Interrogatory No. 2 in accordance with this Ruling within ten (10) days.

**IT IS FURTHER ORDERED** that defendant is entitled to an award of the reasonable attorney's fees and costs it incurred in connection with this motion, and that, in relation to that award of sanctions, the parties are to do the following:

(1) If the parties agree to the amount of attorney's fees and costs, plaintiff shall pay that amount;

(2) If the parties do not agree to the amount, defendant shall, within twenty (20)

       days of the date this order is signed, submit to the Court a report setting forth the amount of costs and attorney's fees incurred in obtaining this Order; and

(3)    Plaintiff shall have ten (10) days after the filing of the defendant's report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, March 26, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**